38 F.3d 1219
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Josephine C. VALENZUELA, Defendant-Appellant.
 No. 93-10719.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1994.
Decided Oct. 20, 1994.
 
 Before: SCHROEDER, FERGUSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Appellant Josephine C. Valenzuela, along with five others, was charged with conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. Sec. 846 and for possession of marijuana with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). The five defendants other than Valenzuela pleaded guilty to some of the charges against them. Valenzuela pleaded not guilty and had a jury trial in which she was found guilty of both charges. Valenzuela appeals her convictions solely on the ground of insufficient evidence. We affirm the convictions.
 
 
 3
 In reviewing a challenge to the sufficiency of evidence, we consider " 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bautista-Avila, 6 F.3d 1360, 1362 (9th Cir.1993) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 4
 In conspiracy cases where sufficiency of the evidence is at issue, this Court has required the government to show that the defendant actually participated in planning or carrying out a "specific drug transaction." United States v. Ramos-Rascon, 8 F.3d 704, 709 (9th Cir.1993). Our cases have emphasized the importance of proof that the defendant knew that drugs were in the offing. United States v. Wiseman, 25 F.3d 862, 864 (9th Cir.1994); United States v. Bautista-Avila, 6 F.3d 1360, 1362 (9th Cir.1993). We have often found a defendant's financial stake in the transaction to be convincing evidence of the defendant's participation in the conspiracy. Ramos-Rascon, 8 F.3d at 709-10; United States v. Lopez, 625 F.2d 889, 896 (9th Cir.1980).
 
 
 5
 The evidence against Valenzuela satisfied all of these requirements. The government proved that Valenzuela's co-defendants constantly kept her apprised of their progress in arranging a specific transaction. Indeed on several occasions, Valenzuela requested information about their progress and once threatened a co-defendant that if he did not "do it," she would find others who would. Throughout, Valenzuela participated in discussions in which the drug transaction was planned.
 
 
 6
 In addition to demonstrating that she had knowledge about the arrangements for the transaction, the government proved that Valenzuela helped to execute the deal by 1) introducing Ramon and Leon to Vicky, the person who apparently would receive the drugs and pay Ramon and Leon; and 2) giving Ramon a telephone number and directions to the house where the drugs were to be delivered. Finally, the government provided evidence of an unambiguous confession by Valenzuela that she "arranged" the load of marijuana.
 
 
 7
 While it is required that the government eliminate the ambiguity of references to "it" and "the load" in Ramon's testimony, the government's evidence included numerous incidents where it is clear that Valenzuela and her co-defendants were discussing drugs. For example, Valenzuela introduced Vicky to Ramon as "the lady who controlled the drugs."
 
 
 8
 Because we find sufficient evidence to support Valenzuela's conviction for conspiracy, we also find sufficient evidence to support her conviction for the underlying offense. See United States v. Hernandez, 876 F.2d 774, 778 (9th Cir.), cert. denied, 493 U.S. 863 (1989) (evidence of defendant's participation in a "joint venture" is sufficient basis for conviction on a theory of constructive possession). The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3